# EXHIBIT L

# Demand for Arbitration Before JAMS

**JAMS** — THE RESOLUTION EXPERTS®

**TO RESPONDENT:** Guy S. Waltman
(Name of the Party on whom Demand for Arbitration is made)

(Address) 71 Covered Bridge Road

(City) New Hope      (State) Pennsylvania      (Zip) 18938
(Telephone)          (Fax) (215) 598-8948      (E-Mail)

Representative/Attorney (if known): _____
(Name of the Representative/Attorney of the Party on whom Demand for Arbitration is made)

(Address) _____

(City)          (State)          (Zip)
(Telephone)    (Fax)            (E-Mail)

**FROM CLAIMANT** (Name): Credit Suisse Securities (USA) LLC

(Address) 11 Madison Avenue

(City) New York      (State) New York      (Zip) 10010
(Telephone) 212 325 2000    (Fax)          (E-Mail)

Representative/Attorney of Claimant (if known): Alexander C.B. Barnard, Esq.
(Name of the Representative/Attorney for the Party Demanding Arbitration)

(Address) Quinn Emanuel Urquhart Oliver & Hedges, LLP; 51 Madison Avenue, 22nd Floor

(City) New York      (State) New York      (Zip) 10017
(Telephone) 212 849 7000    (Fax) 212 849 7100    (E-Mail)

## NATURE OF DISPUTE

Claimant hereby demands that you submit the following dispute to final and binding arbitration (a more detailed statement of the claim(s) may be attached): Respondent is party to enforceable restrictive covenants requiring him to provide ninety-days' notice to Credit Suisse before resigning, to refrain from soliciting Credit Suisse's clients and employees for sixty days thereafter, and to refrain from disclosing Credit Suisse's confidential or trade secret information. On or about May 15, 2006, Respondent emailed Credit Suisse's confidential and trade secret information to his personal email account. On May 19, 2006, Respondent purported to resign

# Demand for Arbitration Before JAMS

from Credit Suisse's employ to accept employment with one of Credit Suisse's competitors. In purporting to make his resignation effective immediately, Respondent breached his fiduciary duties to Credit Suisse and enforceable restrictive covenants requiring him to provide ninety-days' notice before resigning. Respondent also solicited at least two Credit Suisse employees to go to Respondent's new employer, UBS, a direct competitor of Credit Suisse. Such solicitation breached Respondent's fiduciary duties to Credit Suisse and enforceable restrictive covenants requiring him to refrain from solicitation for sixty days after the termination of his employment. [Credit Suisse reserves the right to amend and/or supplement this statement of claim.]

## ARBITRATION AGREEMENT

This demand is made pursuant to the arbitration agreement which the parties made as follows (cite location of arbitration provision & attach two (2) copies of entire agreement).

Arbitration is demanded pursuant to the provisions of the Credit Suisse Employment Dispute Resolution Program. Copies of the Program are attached, as is a copy of Respondent's agreement to abide by the terms of the Program.

## CLAIM & RELIEF SOUGHT BY CLAIMANT

Claimant asserts the following claim and seeks the following relief (include amount in controversy, if applicable): Credit Suisse seeks permanent injunctive relief enjoining Respondent from (i) providing services to any employer other than Credit Suisse until and including August 17, 2006; (ii) engaging in direct or indirect solicitation of Credit Suisse's customers, clients, and employees until and including October 16, 2006; (iii) possessing or indirectly or directly using Credit Suisse's confidential, proprietary, and/or trade secret information. Credit Suisse also seeks monetary damages in an amount to be determined at hearing.



# Demand for Arbitration Before JAMS

## RESPONSE

Respondent may file a response and counter-claim to the above-stated claim according to the applicable arbitration rules. Send the original response and counter-claim to the claimant at the address stated above with two (2) copies to JAMS.

## Request for Hearing

JAMS is requested to set this matter for hearing at: New York, New York. Claimant further requests that a hearing on its request for permanent injunctive relief be scheduled on an expedited basis.

Signed (Claimant): _/s/ William B. Adams_    Date: May 19, 2006
(may be signed by an attorney)

Print Name: William B. Adams, Esq

Please include a check payable to JAMS for the required initial, non-refundable $300.00 per party deposit to be applied toward your case management fee and submit to your local JAMS office.